Case 4:24-cv-02925   Document 9   Filed on 09/23/24 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
September 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IESHA S. MCGILL, <br> BOP # 38337-510 | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| v. | § | CIVIL ACTION NO. H-24-2925 |
| TANISHA HALL, | § <br> § <br> § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Petitioner Iesha S. McGill, representing herself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Docket Entry No. 1). The petition is not on an approved form or in a format that follows an approved form. *See* Rule 1(b) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. On August 7, 2024, the Clerk's Office entered a notice of deficient pleading instructing McGill (1) to pay the filing fee or file an application for leave to proceed without prepayment of fees accompanied by a certified statement of her inmate trust account within 30 days; and (2) to place her claims on a form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and send it to the court. (Docket Entry No. 8). The Clerk sent McGill a blank Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 for her to complete and return to the court. (*See id.*). McGill was warned that if she fails to comply, the court could dismiss her case under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*). McGill has paid the filing fee. (*See* Minute Entry for 8/23/2024). She has not, however, complied with the Clerk's directive to submit her claims on an approved form.

A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b). "This authority is based on the courts' power to

manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Lewis v. Sheriff's Dept. Bossier Parish*, 478 F. App'x 809, 815 (5th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *see also Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018) (explaining that a district court may dismiss an action for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders).

McGill's failure to comply with the notice of deficient pleading forces the court to conclude that she lacks diligence in prosecuting this action. Therefore, under the court's general power to manage its docket, this case is dismissed without prejudice for want of prosecution. McGill is advised that she may obtain relief from this order if she makes a proper showing under Rule 60(b) of the Federal Rules of Civil Procedure. At a minimum, a proper showing under Rule 60(b) includes submitting her claims on a court-approved Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 as previously directed.

This case is dismissed without prejudice. Any pending motions are denied as moot. To the extent such is necessary, a certificate of appealability is denied.

SIGNED on September 23, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge